Amy M. Samberg (NV Bar No. 10212)
amy.samberg@clydeco.us
Dylan P. Todd (NV Bar No. 10456)
dylan.todd@cyldeco.us
CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, NV 89128
Telephone: 725-248-2900
Facsimile: 725-248-2907

*Attorneys for Plaintiff Arch Insurance Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a foreign corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL HARDY, an individual; SCOTT THAYER and CINDY THAYER, natural parents and wrongful death heirs of the deceased, COLE THAYER,<br><br>    Defendants. | CASE NO. 2:23-cv-00370-CDS-EJY<br><br>**MOTION FOR INTERPLEADER DEPOSIT (28 U.S.C. § 1335)** |

Pursuant to 28 U.S.C. §1335, Fed. R. Civ. P. 67, and Local rule 67-1, Interpleader Plaintiff Arch Insurance Company ("Plaintiff") hereby moves this court for leave to Deposit the Interplead Funds in the amount of $1,000,000, representing the full available underinsured motorist limit of Arc insurance policy number 81CAB5032501. This Motion is based on the pleadings and papers on file and the attached memorandum points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Local Rule 67-1 provides, in pertinent part:

**LR 67-1.   DEPOSIT AND INVESTMENT OF FUNDS IN THE REGISTRY ACCOUNT; CERTIFICATE OF CASH DEPOSIT**

(a)   Cash tendered to the clerk for deposit into the court's Registry Account must be accompanied by a written statement titled "Certificate of Cash

- 1 -

Deposit," which must be signed by the attorney or pro se party. The certificate must contain the following information:

…

(3) The nature of the tender (e.g., interpleader funds deposit …);

(4) The **court order permitting the deposit;**

…

(b) The depositing party **must attach a copy of the order permitting the deposit**.

(c) The clerk may refuse cash tendered without the Certificate of Cash Deposit required by this rule.

LR 67-1 (emphasis added).

Here, this action is under way with all defendants having appeared. Before Plaintiff can be dismissed from this action, it must deposit the funds with the Court. However, Plaintiff requires the Court's Order to Deposit before a deposit can be made.

As provided in the Complaint, the amount of funds to be deposited is $1,000,000. (ECF No. 1, at ¶9). Upon receipt of the Order to Deposit, the funds will be presented to the Court in the form of a check made payable to Clerk, United States District Court. Once presented, the funds shall be deposited into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System ("CRIS").

Plaintiff is a disinterested stakeholder and does not claim entitlement to any of the funds. The ownership of the funds is disputed between the adverse claimants. As such good cause exists to order the deposit of the funds into the Court registry.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 2 -

<mark>Accordingly, Plaintiff respectfully requests that this Court grant its Motion to Deposit the Interplead Funds plus any applicable interest, pursuant to 28 U.S.C. § 1335, Fed. R. Civ. P. 67 and Local Rule 67-1.</mark>

Dated: May 26, 2023          CLYDE & CO US LLP

By:    */s/ Dylan Todd*
Amy M. Samberg (NV Bar No. 10212)
amy.samberg@clydeco.us
Dylan P. Todd (NV Bar No. 10456)
dylan.todd@cyldeco.us
7251 W. Lake Mead Blvd., Suite 430
Las Vegas NV 89128
Telephone: 725-248-2900
Facsimile: 725-248-2907

*Attorneys for Plaintiff*
*Arch Insurance Company*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 1, 2023

<mark>- 3 -</mark>